## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-79 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Shawn Ray Brtek (1), and Erika Laura Camp (2), | |
| Defendants. | |

Nathan Hoye Nelson, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Kassius O. Benson, Kassius Benson Law, P.A., 3201 Hennepin Avenue, Minneapolis, MN 55408 (for Defendant Shawn Ray Brtek); and

Andrew S. Garvis, Koch & Garvis, LLC, Lake Calhoun Professional Building, 3109 Hennepin Avenue South, Minneapolis, MN 55408 (for Defendant Erika Laura Camp).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions. The Government has filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 40, with respect to both Defendants Shawn Ray Brtek and Erika Laura Camp.

Brtek has filed the following motions:

1. Motion for Discovery and Inspection Pursuant to Rule 16, ECF No. 32; and

2. Motion for Disclosure of Any *Brady* Evidence or Any Evidence That is "Helpful" to the Defense, ECF No. 34.

1

Camp has filed the following motions:

1. Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 51;

2. Motion for Early Disclosure of Jencks Act Materials, ECF No. 52;

3. Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants, ECF No. 53;

4. Motion for Discovery, ECF No. 56;

5. Motion to Produce 404(b) Evidence, ECF No. 57;

6. Motion to Preserve Rough Notes, ECF No. 58;

7. *Giglio* Motion, ECF No. 59; and

8. Motion for Attorney-Conducted Voir Dire, ECF No. 60.

A hearing was held on November 6, 2020. ECF No. 74. Assistant United States Attorney Nathan Hoye Nelson appeared on behalf of the United States of America (the "Government"). Attorney Kassius O. Benson appeared on behalf of Brtek. Attorney Andrew S. Garvis appeared on behalf of Camp. Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 40, is **GRANTED**. This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, Brtek and Camp had no objection to the Government's motion.

Tr. 5:3-13, ECF No. 76.[1]  The Court will address the disclosure of expert witnesses in connection with Camp's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 51. *See infra* ¶ 4.

        2.        Brtek's Motion for Discovery and Inspection Pursuant to Rule 16, ECF No. 32, and Camp's Motion for Discovery, ECF No. 56, are **GRANTED IN PART** and **DENIED IN PART**.  Brtek and Camp generally seek materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure, including expert discovery.  Camp additionally seeks the identification and statements of any co-conspirator/co-participant, witness information, and an order for continuing disclosure. Camp also requests that any ordered discovery be produced within "three working days." ECF No. 56 at 4.

        The Government states that it "has already complied with Rule 16(a)(1)(A)-(F) and has made available additional discovery not required by law."  Gov't's Consol. Resp. at 1, ECF No. 65.  The Government "does not object to [Brtek and Camp's] motions to the extent they seek material covered by [Rule] 16," but does object "to the extent [their motions] seek materials not covered by Rule 16."  Gov't's Consol. Resp. 1-2.  The Government also states that it "understands its continuing discovery obligations and will fully comply with those requirements."  Gov't's Consol. Resp. at 1.

        Brtek and Camp's motions are granted in part to the extent their discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) that

---

[1] Although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due November 24, 2020, and no such notice was filed.  ECF No. 76.

remains in the Government's control and has not yet been produced. Brtek and Camp's motions are further granted in part to the extent their discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. *See, e.g.*, *infra* ¶ 3. The Court will address expert disclosures in connection with Camp's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 51. *See infra* ¶ 4. Brtek and Camp's discovery requests are denied in all other respects. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.") *See also, e.g.*, *infra* ¶¶ 3, 5, 6. Except as otherwise set forth in this Order, the Government shall produce the discovery ordered herein as soon as practicable.

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

3.     Brtek's Motion for Disclosure of Any *Brady* Evidence or Any Evidence That is "Helpful" to the Defense, ECF No. 34, and Camp's *Giglio* Motion, ECF No. 59, are **GRANTED IN PART** and **DENIED IN PART**. Brtek and Camp seek disclosure of evidence favorable to them under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. In her motion for discovery, *see supra* ¶ 2, Camp also requested witness information. ECF No. 56 ¶¶ 10-13. The Government acknowledges its obligations under these authorities, and states that it has complied and will continue to comply with those obligations. The Government objects to Brtek and

4

Camp's motions to the extent they seek information beyond these authorities.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971)

("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant.") (quotation omitted); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Brtek and Camp's motions and discovery requests are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials.  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  While the Court is not ordering the Government to disclose Jencks Act materials early, *see infra* ¶ 5, the Court encourages the parties to disclose such materials no later than 3 business days before trial.

To the extent Brtek and Camp seeks discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced, these requests are denied.  *See Johnson*, 228 F.3d at 924.  Further, to the extent Camp seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, ECF No. 56 ¶ 11, this request is likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

4.      Camp's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 51, as well as Brtek and the Government's requests for expert disclosures, *see supra* ¶¶ 1,

2, are **GRANTED**.  The parties seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  The Government has proposed that the parties make their principal expert disclosures no later than 30 days before trial and any rebuttal expert disclosures no later than 10 days prior to trial.  ECF No. 40 at 2; *see* Gov't's Consol. Resp. at 2.  At the hearing, Brtek and Camp had no objection to the Government's proposed timeline.  Tr. 5:14-6:12.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

5.     Camp's Motion for Early Disclosure of Jencks Act Materials, ECF No. 52, is **DENIED**.  Camp seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least one week before trial.  Camp similarly requested early disclosure of witness statements in her motion for discovery.  ECF No. 56 ¶ 11.  While the Government objects to any Court-ordered early disclosure, the Government volunteered to make Jencks Act materials available 3 business days prior to trial "so long as [Brtek and Camp] agree to do the same."  Gov't's Consol. Resp. at 6.  At the hearing, Camp was willing to accept the Government's proposal and the Government reiterated its willingness to disclose voluntarily such materials 3 business days prior to trial.  Tr. 8:6-22.

By its terms,

[t]he Jencks Act does not compel the government to produce a

> statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Camp's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than 3 business days before trial per their agreement.

6. Camp's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants, ECF No. 53, is **DENIED IN PART** to the extent Camp seeks disclosure under Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT PREJUDICE IN PART** as premature to the extent Camp seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Camp seeks an order compelling the Government "to give notice and disclosure of intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any co-defendant" as well as granting "leave to file motions for severance, suppression, and/or in limine" based on those disclosures. ECF No. 53 at 1. Camp also requested identification and statements of any co-conspirator/co-participant in her motion for discovery. ECF No. 56 ¶ 9. The Government objects to the

8

argument that any such statements are discoverable under Rule 16 and asserts only those statements containing Jencks Act or *Brady* material are discoverable.  The Government states that "[i]f a co-defendant will be a witness at trial, . . . [it] agrees to provide any statements of that witness pursuant to the Jencks Act no later than three days prior to trial." Gov't's Consol. Resp. at 4.  The Government additionally states that it "has already disclosed to both defendants the contents of the other's statements to police in the time immediately following their arrest."  Gov't's Consol. Resp. at 4.  "Should either defendant proceed to trial, the [G]overnment intends to offer portions of these statements into evidence," but "[a]t this point, it is unclear whether both defendants will in fact be proceeding to trial."  Gov't's Consol. Resp. at 4.

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy.  It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'"  *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)).  Rule 16 "stresses that only 'statements made by the defendant' are discoverable."  *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Camp's motion and discovery requests insofar as they seek pretrial disclosure of statements or confessions of any co-defendant pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007).  "*Bruton*,

9

however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")).  Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, however, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise.  *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006).  These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations.  *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*,

No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018). Camp's request for leave to file motions related to any *Bruton* issues, however, is premature and denied without prejudice.

7.     Camp's Motion to Produce 404(b) Evidence, ECF No. 57, is **GRANTED IN PART** and **DENIED IN PART**.  Camp requests "immediate[]" disclosure of "any 'bad act' or 'similar course of conduct'" evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b).  ECF No. 57 at 1.  Camp also requests that the Government identify "the witnesses through whom such evidence will be presented at trial." ECF No. 57 at 1.  The Government states that it has "already provided . . . evidence of several prior convictions that may be considered potential Rule 404(b) evidence." Gov't's Consol. Resp. at 4.  The Government objects to the extent Camp seeks the disclosure of "intrinsic" evidence and states that it will disclose "extrinsic" Rule 404(b) evidence no later than three weeks prior to trial.  At the hearing, Camp agreed to the Government's proposed timeline.  Tr. 10:7-25.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing).  The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid.

404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16."  Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479 ; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid. 404(b)(3)(B).  Camp's motion is otherwise denied.  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C).

8. Camp's Motion to Preserve Rough Notes, ECF No. 58, is **GRANTED**. Camp requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. The Government does not object to the retention of rough notes "to the extent any such rough notes still exist." Gov't's Consol. Resp. at 7.

Camp's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

9. Camp's Motion for Attorney-Conducted Voir Dire, ECF No. 60, is **DENIED WITHOUT PREJUDICE**. Camp requests that her counsel be permitted to participate in voir dire. "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *accord United States v. Moore*, No. 19-cr-306 (ADM/BRT), 2020 WL 729298, at *4 (D. Minn. Feb. 13, 2020); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015) ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial."), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Accordingly, Camp's motion is denied without prejudice. *United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

10. All prior consistent orders remain in full force and effect.

13

11.     Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: January___20__, 2021                          _____*s/ Tony N. Leung*_____
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota


                                                    *United States v. Brtek et al.*
                                                    No. 20-cr-79 (DWF/TNL)

14